**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

SALT LIFE, LLC,

               Plaintiff,

    vs.

SALT LIFE MORTGAGE, LLC, SALT
LIFE BUSINESS LENDING, LLC and
GIDGET JACKSON,

               Defendants.

**CASE NO. 2:23-cv-00998**

<u>**COMPLAINT
JURY TRIAL DEMANDED
(INJUNCTIVE RELIEF REQUESTED)**</u>

Plaintiff Salt Life, LLC (hereinafter "Salt Life"), by and through its attorneys, respectfully alleges the following against Defendants Salt Life Mortgage, LLC, Salt Life Business Lending, LLC, and Gidget Jackson (referred to collectively as "Defendants"):

<u>**THE PARTIES**</u>

1.      Salt Life, LLC is a limited liability company formed and existing under the laws of Georgia with its headquarters located at 24 12th Street, Columbus, Georgia 31901.

2.      Salt Life Mortgage, LLC is a limited liability company formed under the laws of Florida with, upon information and belief, a current principal place of business at 1314 Cape Coral Pkwy E., Ste. 207, Cape Coral, Florida 33904.

3.      Salt Life Business Lending, LLC is a limited liability company formed under the laws of Florida with, upon information and belief, a current principal place of business at 1314 Cape Coral Pkwy E., Ste. 207, Cape Coral, Florida 33904.

4.      Upon information and belief, Gidget Jackson is an individual who conducts business in or about Cape Coral, Florida.  Upon information and belief, Defendant Jackson is the owner and controlling member or operating manager of Salt Life Mortgage, LLC and Salt Life

Business Lending, LLC (sometimes referred to collectively herein as the "Corporate Defendants") and has control over and/or directs the conduct of the businesses under the names Salt Life Mortgage and Salt Life Business Lending.

## JURISDICTION AND VENUE

5.      This Court has original jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §§ 1121 and 1125 and 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Trademark Laws of the United States. This Court has supplemental jurisdiction over the remaining claims in this action pursuant to 28 U.S.C. § 1367.

6.      This Court has personal jurisdiction over Defendant Salt Life Mortgage, LLC because it is incorporated in the State of Florida and currently maintains its principal place of business in Florida and within this district.

7.      This Court has personal jurisdiction over Defendant Salt Life Business Lending, LLC because it is incorporated in the State of Florida and currently maintains its principal place of business in Florida and within this district.

8.      The Court has personal jurisdiction over Defendant Jackson because, upon information and belief, she is a citizen and resident of the State of Florida and has conducted business or engaged in other actions within this district which form a substantial portion of the basis of this action.

9.      Defendant Jackson is the operating manager of Defendant Salt Life Mortgage, LLC and controlled, at all times relevant to the matters at issue in this Complaint, or controls all aspects of Defendant Salt Life Mortgage, LLC's business underlying the SALT LIFE MORTGAGE designation at issue in this action.

10.      Defendant Jackson is the operating manager of Defendant Salt Life Business

Lending, LLC and controlled, at all times relevant to the matters at issue in this Complaint, or controls all aspects of Defendant Salt Life Business Lending, LLC's business underlying the SALT LIFE BUSINESS LENDING designation at issue in this action.

11.     As the person that controls all aspects of the business underlying use of the SALT LIFE MORTGAGE, SALT LIFE BUSINESS LENDING and/or SALT LIFE designations by the Corporate Defendants, Defendant Jackson has been the moving, active and conscious force who has caused the trademark infringement and other wrongs of the Corporate Defendants that are at issue in this action or has herself engaged in acts of infringement as set forth herein.

12.     Upon information and belief, Defendant Jackson has, during all times relevant to the matters at issue in this Complaint, participated and continues to actively participate as a moving force in any decisions for Defendant Salt Life Mortgage, LLC and Salt Life Business Lending, LLC to engage in the infringing acts at issue in this action.

13.     As the person that controls all aspects of the business underlying the SALT LIFE MORTGAGE designation, including use and infringement of the SALT LIFE Marks under Salt Life Mortgage, LLC, Defendant Jackson has caused the trademark infringement at issue in this action to occur.

14.     As the person that controls all aspects of the business underlying the SALT LIFE BUSINESS LENDING designation, including use and infringement of the SALT LIFE Marks under Salt Life Business Lending, LLC, Defendant Jackson has caused the trademark infringement at issue in this action to occur.

15.     Upon information and belief, Defendants intentionally and purposefully marketed their products or services such that the same will be sold in and are sold in the State of Florida and in commerce. Such actions have resulted in the Corporate Defendants' infringing products or

services being offered for sale and being sold in Florida. Upon information and belief, such actions have resulted in sales of the Corporate Defendants' products or services in this district, which are or have been sold under and/or include the terms SALT LIFE, SALT LIFE MORTGAGE and/or SALT LIFE BUSINESS LENDING.

16.     Upon information and belief, Defendant Jackson, intentionally and purposefully directed and controlled the acts of Defendant Salt Life Mortgage, LLC and Defendant Salt Life Business Lending, LLC, so that these Corporate Defendants marketed their products and services such that the same were sold, will be sold and/or are sold in the State of Florida.  Such actions and control by Defendant Jackson have resulted in the Corporate Defendants' infringing products or services being offered for sale and being sold in Florida. Upon information and belief, such actions have resulted in these corporate defendants engaging in acts of trademark infringement and/or trademark dilution, including sales of the Corporate Defendants' products and services in this district, including real estate, mortgage or other brokerage, lending, or financial services, which are or have been sold under and/or include the designations SALT LIFE MORTGAGE or SALT LIFE BUSINESS LENDING.

17.     Upon information and belief, the website www.saltlifemortgage.com, the Facebook account "@saltlifemortgage" and the Twitter/X account "@SaltLifeMtg" is owned, operated and/or controlled by Defendants Salt Life Mortgage, LLC and Jackson. Upon information and belief, Defendant Salt Life Mortgage, LLC's products or services, which are sold under and/or that include the designation "SALT LIFE MORTGAGE" are offered for sale, promoted and sold on or through Defendant Salt Life Mortgage, LLC's website and social media accounts. Upon information and belief, Defendants Jackson and Salt Life Mortgage, LLC use the website and social media accounts to regularly and systematically offer for sale and/or sell their

4

products or services within the State of Florida.

18.     Upon information and belief, the website www.saltlifebizlending.com, is owned, operated and/or controlled by Defendants Salt Life Business Lending, LLC and Jackson. Upon information and belief, Defendant Salt Life Business Lending, LLC's products or services, which are sold under and/or that include the designation "SALT LIFE BUSINESS LENDING" are offered for sale, promoted and sold on or through Defendant Salt Life Business Lending, LLC's website. Upon information and belief, Defendants Salt Life Business Lending, LLC and Jackson use the website to regularly and systematically offer for sale and/or sell their products or services within the State of Florida.

19.     Upon information and belief, Defendant Jackson directs the operation of and content that is to be displayed on the websites and social media pages of the Corporate Defendants.  Upon information and belief, Defendant Jackson has control over and exercises control over the content of the website and social media pages of the Corporate Defendants and the infringing activity conducted by Defendant Salt Life Mortgage, LLC and Defendant Salt Life Business Lending, LLC through the aforementioned websites and/or social media pages.  Upon information and belief, Defendant Jackson has constructed or configured, or directed others to construct or configure, the websites and/or social media pages such that Defendants' infringing products and/or services are sold and/or offered for sale through this website and social media pages.

20.     Upon information and belief, pursuant to the U.S. Constitution and Fla. Stat. Ann. § 48.193, this Court has personal jurisdiction over Defendant Salt Life Mortgage, LLC because it is incorporated in the State of Florida, maintains a principal place of business in Florida and has transacted business within the State of Florida, by actions which include offering to sell and/or

selling products or services directly or through intermediaries in Florida, which are sold under and/or include the infringing designation "SALT LIFE" and/or the infringing designation "SALT LIFE MORTGAGE."

21.     Upon information and belief, pursuant to the U.S. Constitution and Fla. Stat. Ann. § 48.193, this Court has personal jurisdiction over Defendant Salt Life Business Lending, LLC because it is incorporated in the State of Florida, maintains a principal place of business in Florida and has transacted business within the State of Florida, by actions which include offering to sell and/or selling products or services directly or through intermediaries in Florida, which are sold under and/or include the infringing designation "SALT LIFE" and/or the infringing designation "SALT LIFE BUSINESS LENDING."

22.     Upon information and belief, pursuant to the U.S. Constitution and Fla. Stat. Ann. § 48.193, this Court has personal jurisdiction over Defendant Jackson because she is a citizen and resident of Florida and this district and has transacted business within the State of Florida, by controlling, directing or participating in the infringing actions at issue, including those of Defendant Salt Life Mortgage, LLC and Defendant Salt Life Business Lending, LLC, which include promoting, advertising, offering to sell, and/or selling products and/or services, directly or through intermediaries in Florida, which are sold under and/or include the infringing designation SALT LIFE MORTGAGE or SALT LIFE BUSINESS LENDING.

## **ASSERTED TRADEMARKS**

23.     Salt Life or its predecessors have continuously used, advertised, and promoted the mark SALT LIFE in connection with various products, including those related to the field of clothing and apparel, and in connection with other products and services since at least as early as October 2003.

24.     Salt Life is the owner of all rights, title, and interest in trademarks that include the

6

formative words SALT LIFE and owns numerous U.S. Trademark Registrations for the mark

SALT LIFE or marks containing the formative words SALT LIFE.

25.     Salt Life is the owner of all rights, title, and interest in U.S. Trademark

Registration Number 4,385,581 for the stylized trademark  for use with

sunglasses, eyewear, cords and cases for sunglasses and eyeglasses, smartphone cases, and cell

phone cases, as shown in Exhibit 1, which is incorporated herein in its entirety.

26.     Salt Life is the owner of all rights, title, and interest in U.S. Trademark

Registration Number 3,763,170 for the stylized trademark  for use with

jewelry, as shown in Exhibit 2, which is incorporated herein in its entirety.

27.     Salt Life is the owner of all rights, title, and interest in U.S. Trademark

Registration Number 3,762,960 for the stylized trademark  for use with

stickers, caps, shirts, and surf wear, as shown in Exhibit 3, which is incorporated herein in its

entirety.

28.     Salt Life is the owner of all rights, title, and interest in U.S. Trademark

Registration Number 4,381,321 for the stylized trademark  for use with all-

purpose carrying bags, backpacks, beach bags, duffel bags, beach umbrellas, umbrellas, and

luggage, as shown in Exhibit 4, which is incorporated herein in its entirety.

29.     Salt Life is the owner of all rights, title, and interest in U.S. Trademark

Registration Number 4,381,322 for the stylized trademark  for use with

beach chairs, as shown in Exhibit 5, which is incorporated herein in its entirety.

30.     Salt Life is the owner of all rights, title, and interest in U.S. Trademark Registration Number 4,385,571 for the stylized trademark ![Salt Life logo] for use with drinking glasses, insulating sleeve holders for beverage cans and bottles, and portable coolers, as shown in Exhibit 6, which is incorporated herein in its entirety.

31.     Salt Life is the owner of all rights, title, and interest in U.S. Trademark Registration Number 4,381,323 for the stylized trademark ![Salt Life logo] for use with banners and flags of textile, beach towels, and towels, as shown in Exhibit 7, which is incorporated herein in its entirety.

32.     Salt Life is the owner of all rights, title, and interest in U.S. Trademark Registration Number 3,808,444 for the stylized service mark ![Salt Life logo] for use with restaurant and bar services, as shown in Exhibit 8, which is incorporated herein in its entirety.

33.     Salt Life is the owner of all rights, title, and interest in the common law trademark SALT LIFE and the common law stylized service mark ![Salt Life logo] for use with online retail store services and retail store services featuring, *inter alia*, clothing, decals, sports, and outdoor living related merchandise.

34.     Salt Life is the owner of all rights, title, and interest in U.S. Trademark Registration Number 4,338,972 for the trademark SALT LIFE for use with drinking glasses, and entertainment in the nature of surfing tournaments, as shown in Exhibit 9, which is incorporated herein in its entirety.

35.     Salt Life is the owner of all rights, title, and interest in U.S. Trademark Registration Number 4,384,344 for the trademark SALT LIFE for use with metal key rings, as

shown in Exhibit 10, which is incorporated herein in its entirety.

36.     Salt Life is the owner of all rights, title, and interest in U.S. Trademark Registration Number 4,302,914 for the trademark SALT LIFE for use with sunglasses, eyewear, cords and cases for sunglasses and eyeglasses, as shown in Exhibit 11, which is incorporated herein in its entirety.

37.     Salt Life is the owner of all rights, title, and interest in U.S. Trademark Registration Number 3,843,123 for the trademark SALT LIFE for use with jewelry and restaurant and bar services, as shown in Exhibit 12, which is incorporated herein in its entirety.

38.     Salt Life is the owner of all rights, title, and interest in U.S. Trademark Registration Number 3,001,343 for the trademark SALT LIFE for use with stickers, as shown in Exhibit 13, which is incorporated herein in its entirety.

39.     Salt Life is the owner of all rights, title, and interest in U.S. Trademark Registration Number 4,172,126 for the trademark SALT LIFE for use with all-purpose carrying bags, backpacks, and beach bags, as shown in Exhibit 14, which is incorporated herein in its entirety.

40.     Salt Life is the owner of all rights, title, and interest in U.S. Trademark Registration Number 4,365,102 for the trademark SALT LIFE for use with luggage, as shown in Exhibit 15, which is incorporated herein in its entirety.

41.     Salt Life is the owner of all rights, title, and interest in U.S. Trademark Registration Number 4,301,817 for the trademark SALT LIFE for use with beach chairs, as shown in Exhibit 16, which is incorporated herein in its entirety.

42.     Salt Life is the owner of all rights, title, and interest in U.S. Trademark Registration Number 4,246,525 for the trademark SALT LIFE for use with insulating sleeve

holders for beverage cans and bottles, as shown in Exhibit 17, which is incorporated herein in its entirety.

43.     Salt Life is the owner of all rights, title, and interest in U.S. Trademark Registration Number 4,301,818 for the trademark SALT LIFE for use with banners and flags of textile, beach towels, and towels, as shown in Exhibit 18, which is incorporated herein in its entirety.

44.     Salt Life is the owner of all rights, title, and interest in U.S. Trademark Registration Number 2,959,429 for the trademark SALT LIFE for use with clothing and apparel, namely, caps, shirts, T-shirts, bathing suits, Bermuda shorts, walking shorts, swim trunks, caps with visors, visors, fleece pullovers, sweat shirts, and surf wear, as shown in Exhibit 19, which is incorporated herein in its entirety.

45.     Salt Life is the owner of all rights, title, and interest in U.S. Trademark Registration Number 4,324,994 for the trademark SALT LIFE for use with clothing and apparel, namely, jackets, and pants, as shown in Exhibit 20, which is incorporated herein in its entirety.

46.     Salt Life is the owner of all rights, title, and interest in U.S. Trademark Registration Number 4,336,373 for the trademark SALT LIFE for use with beach umbrellas, duffel bags, and umbrellas, as shown in Exhibit 21, which is incorporated herein in its entirety.

47.     Salt Life is the owner of all rights, title, and interest in U.S. Trademark Registration Number 4,301,899 for the stylized trademark  for use with decals, as shown in Exhibit 22, which is incorporated herein in its entirety.

48.     Salt Life is the owner of all rights, title, and interest in U.S. Trademark

Registration Number 4,335,287 for the stylized trademark  for use with

women's clothing, namely, caps, shirts, T-shirts, and sweat shirts, as shown in Exhibit 23, which

is incorporated herein in its entirety.

49.     Salt Life is the owner of all rights, title, and interest in U.S. Trademark

Registration Number 4,342,555 for the stylized trademark  for use with decals,

as shown in Exhibit 24, which is incorporated herein in its entirety.

50.     Salt Life is the owner of all rights, title, and interest in U.S. Trademark

Registration Number 5,795,593 for the trademark SALT LIFE for use with beer, as shown in

Exhibit 25, which is incorporated herein in its entirety.

51.     Salt Life is the owner of all rights, title, and interest in numerous U.S. Trademark

Registrations for the mark LIVE THE SALT LIFE, including U.S. Trademark Registration

Numbers 4,852,462; 4,905,379; 4,905,378; 4,905,376; 4,902,144; and 4,895,967 which are

incorporated herein by reference in their entirety.

52.     Salt Life is the owner of all rights, title, and interest in numerous U.S. Trademark

Registration Numbers 4,098,720; and 3,840,755 for the mark SALT LIFE FOOD SHACK which

are incorporated herein by reference in their entirety.

53.     The preceding trademarks and service marks , SALT LIFE,

, , LIVE THE SALT LIFE and SALT LIFE FOOD SHACK

are hereinafter referred to collectively as the "Asserted Trademarks," "SALT LIFE Marks"

and/or the "Asserted SALT LIFE Trademarks."

54.     In addition to the trademark rights conferred by the Federal Trademark Registrations identified herein, Plaintiff has common law trademark rights in each of the Asserted SALT LIFE Trademarks as a result of Plaintiff's use of these marks on goods and services identified hereinabove in commerce, including within and throughout the State of Florida, at least as early as the dates of first use alleged in the aforementioned trademark registrations.  The term "Asserted SALT LIFE Trademarks" as used herein is intended to and does include such common law trademarks.

55.     The Asserted Trademarks identify quality goods and services, are recognized by the consuming public, and generate significant goodwill that inures to Salt Life.

56.     The registrations referenced above are valid and subsisting, in full force and effect, and constitute *prima facie* and conclusive evidence of Salt Life's exclusive right to use the Asserted SALT LIFE Trademarks in commerce in connection with the goods specified in the registrations.

57.     Prior to filing this lawsuit, Salt Life directed multiple correspondences to Defendant Jackson making her and the other Defendants aware of its rights and requested that she cease infringement and dilution of the SALT LIFE marks, but Defendants have not responded to these requests.

58.     Defendant Salt Life Mortgage, LLC, attempted to register the SALT LIFE MORTGAGE designation with the U.S. Patent and Trademark Office. A trademark application was filed and signed by Defendant Jackson directed to the SALT LIFE MORTGAGE designation and assigned Application Serial Number 90128928.

59.     Prior to filing this lawsuit, Salt Life made Defendants Jackson and Salt Life

Mortgage, LLC aware of its rights in the SALT LIFE Trademarks through a trademark
Opposition proceeding that occurred before the Trademark Trial and Appeal Board (TTAB).
This trademark Opposition proceeding was assigned Opposition No. 912676924.

60.     In the TTAB Opposition proceeding, Salt Life objected to Salt Life Mortgage,
LLC's efforts to register the designation SALT LIFE MORTGAGE with the U.S. Trademark
Office.  Salt Life alleged, *inter alia*, that it had priority of use with respect to the SALT LIFE
trademarks relevant to Defendant Salt Life Mortgage, LLC's SALT LIFE MORTGAGE
designation and that registration and use of the SALT LIFE MORTGAGE designation is likely
to cause confusion, mistake or to deceive consumers.  Salt Life also alleged that registration and
use of the SALT LIFE MORTGAGE designation would cause dilution of the distinctive qualities
of the SALT LIFE trademark.

61.     Defendants Jackson and Salt Life Mortgage, LLC did not contest any of these
allegations but rather admitted such allegations by virtue of its default in the TTAB Opposition
proceeding.  As a result of this default, Salt Life, LLC's Opposition was sustained and the TTAB
refused Salt Life Mortgage, LLC's efforts to register the designation SALT LIFE MORTGAGE
as a trademark.

62.     Despite Salt Life Mortgage, LLC's admissions in the TTAB proceeding and
knowledge of Salt Life, LLC's trademark rights by Defendant Salt Life Mortgage, LLC and
Defendant Jackson, Defendants have continued to use the SALT LIFE MORTGAGE designation
and willfully infringe the SALT LIFE Trademarks.

63.     Despite Defendant Jackson's knowledge of Salt Life, LLC's trademark rights, and
her failure to contest those rights in the aforementioned TTAB proceeding, Defendant Jackson
furthered her involvement in the infringement of the SALT LIFE marks by then forming

Defendant Salt Life Business Lending, LLC and using the SALT LIFE BUSINESS LENDING

designation, to further willfully infringe the SALT LIFE Trademarks.

### FIRST CAUSE OF ACTION:  FEDERAL AND COMMON LAW TRADEMARK INFRINGEMENT – ASSERTED SALT LIFE TRADEMARKS
### (15 U.S.C. § 1114)
### (As to Defendant Salt Life Mortgage, LLC)

64.     Salt Life is the owner of the Asserted SALT LIFE Trademarks identified

hereinabove and incorporates by reference the preceding allegations contained in paragraphs 1-

63 as if repeated here verbatim.

65.     Salt Life has priority of use in all respects for its Asserted SALT LIFE

Trademarks relative to Defendant Salt Life Mortgage, LLC's infringing designation "SALT

LIFE MORTGAGE" or any other designations that are used by Defendant that are colorable

imitations of Plaintiff's SALT LIFE Trademarks (e.g., SaltLifeMortgage.com, SaltLifeMTG or

other misspellings or variations of the SALT LIFE Trademarks), as used in conjunction with

various products and services (e.g., real estate related services), including goods or services that

are confusingly similar to Salt Life's goods and services upon which or with which the Asserted

SALT LIFE Trademarks have been used.  For example, Plaintiff's SALT LIFE Trademarks have

been and continue to be used on buildings and business storefronts, including retail stores and

restaurants, and thus become associated with real estate.

66.     Salt Life's Asserted SALT LIFE Trademarks are inherently distinctive and have

acquired distinctiveness through the long, continuous, and substantially exclusive use of the

Asserted SALT LIFE Trademarks so that consumers associate the Asserted SALT LIFE

Trademarks with a single source, namely Plaintiff Salt Life.

67.     Salt Life and its predecessors have generated significant revenue through the sale

of products bearing the Asserted SALT LIFE Trademarks to consumers throughout the United

States.

68.     Salt Life and its predecessors have made substantial investment in advertising, marketing, and promoting Salt Life's goods and services under the Asserted SALT LIFE Trademarks.  Salt Life and its predecessors have extensively used, advertised, promoted, and offered Salt Life's goods bearing the Asserted SALT LIFE Trademarks to the public through various channels of trade in commerce, including retail stores and online, such as through the internet (www.saltlife.com), and social media.  Accordingly, Salt Life's customers and the public in general have come to know and recognize the Asserted SALT LIFE Trademarks and to associate the same with Salt Life and/or the goods or services sold by Salt Life.

69.     Salt Life and its predecessors have sold and offered for sale goods, including clothing, bearing the Asserted SALT LIFE Trademarks in a trading area of broad geographical scope encompassing all of Florida and throughout the United States.

70.     Salt Life's products are sold by or through more than 1,700 wholesale sources across 38 states, as well as 25 branded retail stores spanning the U.S. coastline from California to Florida to New York.

71.     Salt Life's products are sold by or through more than 400 retailers in the State of Florida and in more than ten (10) branded retail stores located in Florida.  Additionally, three restaurants are operated in the State of Florida under Plaintiff's trademark SALT LIFE FOOD SHACK.

72.     The Asserted SALT LIFE Trademarks are symbolic of the extensive goodwill and consumer recognition that Salt Life has established through substantial expenditures of time, effort and other resources in the advertising and promotion of the goods Salt Life sells and offers for sale under the Asserted SALT LIFE Trademarks and the services offered under the Asserted

SALT LIFE Trademarks.

73.     Defendant Salt Life Mortgage, LLC has used, advertised and promoted and/or continues to use, advertise, and promote goods or services, namely real estate, mortgage or other brokerage, lending, or financial services, under the name or designation "SALT LIFE MORTGAGE."

74.     Defendant Salt Life Mortgage, LLC has promoted and advertised its goods and services in channels of trade that are similar or identical to the channels of trade in which Plaintiff's SALT LIFE goods travel, are advertised and sold.  Indeed, Defendant Salt Life Mortgage, LLC utilizes the website www.saltlifemortgage.com, the Facebook account "@saltlifemortgage" and the Twitter/X account "@SaltLifeMtg", and participated in seafood festivals or other festivals to promote, sell and offer for sale Defendant Salt Life Mortgage, LLC's products or services.

75.     The formative words utilized with Defendant Salt Life Mortgage, LLC's business, website, and social media include the following:



76.     Defendant Salt Life Mortgage, LLC's depiction of "SALT LIFE" and "SALT LIFE MORTGAGE" or other colorable imitations of Plaintiff's SALT LIFE Trademarks (e.g., SaltLifeMortgage.com, SaltLifeMTG or other misspellings or variations of the SALT LIFE Trademarks), is likely to cause confusion or mistake among consumers as to the source or origin of the goods and services, or cause, mistake or deceive consumers and lead consumers to believe that Defendant, Defendant's business and/or Defendant's products or services are in some way

backed by, sponsored by, franchised by, approved by, associated with, or otherwise connected with Salt Life.

77.     Defendant Salt Life Mortgage, LLC's depiction of "SALT LIFE," "SALT LIFE MORTGAGE," or other designations that are used by Defendant that are colorable imitations of Plaintiff's SALT LIFE Trademarks (e.g., SaltLifeMortgage.com, SaltLifeMTG or other misspellings or variations of the SALT LIFE Trademarks), is likely to cause, mistake or deceive consumers and lead consumers to believe that Defendant, Defendant's business and/or Defendant's products or services are in some way affiliated with, backed by, sponsored by, franchised by, approved by, associated with, or otherwise connected with Salt Life and/or Salt Life's goods and services.

78.     Defendant Salt Life Mortgage, LLC's "SALT LIFE" and "SALT LIFE MORTGAGE" designations, or other designations that are used by Defendant that are colorable imitations of Plaintiff's SALT LIFE Trademarks, are confusingly similar in sound, appearance, connotation, and overall commercial impression to the Asserted SALT LIFE Trademarks. Indeed, Defendant Salt Life Mortgage, LLC has and continues to prominently display "SALT LIFE" such that it appears Defendant is referring to Salt Life Mortgage, LLC as merely "Salt Life".

79.     Defendant Salt Life Mortgage, LLC prominently displays and emphasizes Plaintiff's trademark and the words "SALT LIFE" in or on Defendant's advertising, and website in such a manner that the same imitate or resemble configurations and product appearances that were used or released into the marketplace by Plaintiff Salt Life prior to any such use by Defendant.  For instance, a side-by-side comparison of examples of the Defendant's infringing use of "SALT LIFE" and use of the "SALT LIFE MORTGAGE" designation and some of the

17

Asserted SALT LIFE Trademarks as used in commerce are provided below:

| **SALT LIFE® Trademarks and/or Products** | **Examples of Defendant's Infringing Use** |
|---|---|
| <br>Figure 1A | <br>Figure 1B |
| <br>Figure 2A | <br>Figure 2B |
| <br>Figure 3A | <br>Figure 3B |



Figure 4A

Figure 4B

80.     Defendant Salt Life Mortgage, LLC's depiction of "SALT LIFE" and "SALT LIFE MORTGAGE," or other designations that are used by Defendant that are colorable imitations of Plaintiff's SALT LIFE Trademarks (e.g., SaltLifeMortgage.com or SaltLifeMTG), constitutes infringement of one or more of the Asserted SALT LIFE Trademarks in violation of 15 U.S.C. § 1114 and the common law.

81.     Defendant Salt Life Mortgage, LLC's depiction of "SALT LIFE," "SALT LIFE MORTGAGE," or other designations that are used by Defendants that are colorable imitations of Plaintiff's SALT LIFE Trademarks (e.g., SaltLifeMortgage.com, SaltLifeMTG or other misspellings or variations of the SALT LIFE Trademarks), has been intentional and with knowledge of the Asserted SALT LIFE Trademarks.

82.     Salt Life has been damaged as a direct and proximate result of Defendant Salt Life Mortgage, LLC's depiction of "SALT LIFE" and "SALT LIFE MORTGAGE" or other designations that are used by Defendants that are colorable imitations of Plaintiff's SALT LIFE Trademarks.

83.     Salt Life will continue to be damaged as a direct and proximate result of Defendant's depiction of "SALT LIFE" and "SALT LIFE MORTGAGE" unless and until

Defendant Salt Life Mortgage, LLC is enjoined from further depiction of "SALT LIFE," "SALT LIFE MORTGAGE" or other designations that are used by Defendants that are colorable imitations of Plaintiff's SALT LIFE Trademarks (e.g., SaltLifeMortgage.com, SaltLifeMTG or other misspellings or variations of the SALT LIFE Trademarks), including but not limited to, in connection with goods and services associated with the Asserted SALT LIFE Trademarks.

**SECOND CAUSE OF ACTION:  FALSE DESIGNATION OF ORIGIN**
**(15 U.S.C. § 1125(a))**
**(As To Defendant Salt Life Mortgage, LLC)**

84.     Salt Life is the owner of the Asserted SALT LIFE Trademarks identified hereinabove and incorporates by reference the preceding allegations contained in paragraphs 1-83 as if repeated here verbatim.

85.     Salt Life has priority of use in all respects for its Asserted SALT LIFE Trademarks relative to Defendant Salt Life Mortgage, LLC's designations "SALT LIFE" and "SALT LIFE MORTGAGE" as used in conjunction with various products and/or services, including goods or services that are confusingly similar to Salt Life's goods and services upon which or with which the Asserted SALT LIFE Trademarks have been used.

86.     Salt Life's Asserted SALT LIFE Trademarks are inherently distinctive and have acquired distinctiveness through the long, continuous, and substantially exclusive use of the Asserted SALT LIFE Trademarks so that consumers associate the Asserted SALT LIFE Trademarks with a single source, namely Salt Life.

87.     Salt Life and its predecessors have generated significant revenue through the sale of products bearing the Asserted SALT LIFE Trademarks to consumers throughout the United States.

88.     Salt Life and its predecessors have made substantial investment in advertising, marketing, and promoting Salt Life's goods and services under the Asserted SALT LIFE

Trademarks.  Salt Life and its predecessors have extensively used, advertised, promoted, and offered Salt Life's goods bearing the Asserted SALT LIFE Trademarks to the public through various channels of trade in commerce, including retail stores and online.  Accordingly, Salt Life's customers and the public in general have come to know and recognize the Asserted SALT LIFE Trademarks and to associate the same with Salt Life and/or the goods or services sold by Salt Life.

89.     Salt Life and its predecessors have sold and offered for sale goods, including clothing, bearing the Asserted SALT LIFE Trademarks in a trading area of broad geographical scope encompassing all of Florida and throughout the United States.

90.     Salt Life's products are sold by or through more than 400 retailers in the State of Florida and in more than ten (10) branded retail stores located in Florida.  Additionally, three restaurants are operated in the State of Florida under Plaintiff's trademark SALT LIFE FOOD SHACK.

91.     The Asserted SALT LIFE Trademarks are symbolic of the extensive goodwill and consumer recognition that Salt Life has established through substantial expenditures of time, effort and other resources in the advertising and promotion of the goods Salt Life sells and offers for sale under the Asserted SALT LIFE Trademarks and the services offered under the Asserted SALT LIFE Trademarks.

92.     Defendant Salt Life Mortgage, LLC has used, advertised, and promoted and/or continues to use, advertise, and promote goods or services, namely real estate, mortgage or other brokerage, lending, or financial services, under the names or designations "SALT LIFE" and "SALT LIFE MORTGAGE."

93.     Defendant Salt Life Mortgage, LLC has promoted and advertised its goods and

services in channels of trade that are similar or identical to the channels of trade in which Plaintiff's SALT LIFE goods travel, are advertised and sold.  Indeed, Defendant Salt Life Mortgage, LLC utilizes the website www.saltlifemortgage.com, the Facebook account "@saltlifemortgage" and the Twitter/X account "@SaltLifeMTG", and participated in seafood festivals or other festivals to promote, sell and offer for sale Defendant's products or services.

94.   Defendant Salt Life Mortgage, LLC's depiction of "SALT LIFE" and "SALT LIFE MORTGAGE" is likely to cause confusion or mistake among consumers as to the source or origin of the goods and services.

95.   Defendant Salt Life Mortgage, LLC's depiction of "SALT LIFE" and "SALT LIFE MORTGAGE" or other colorable imitations of Plaintiff's SALT LIFE Trademarks (e.g., SaltLifeMortgage.com, SaltLifeMTG or other misspellings or variations of the SALT LIFE Trademarks) is likely to cause confusion or mistake among consumers as to an affiliation between Defendant and/or its products or services and Salt Life's goods and services.

96.   Defendant Salt Life Mortgage, LLC's "SALT LIFE" and "SALT LIFE MORTGAGE" designations or other colorable imitations of Plaintiff's SALT LIFE Trademarks (e.g., SaltLifeMortgage.com, SaltLifeMTG or other misspellings or variations of the SALT LIFE Trademarks) are confusingly similar in sound, appearance, connotation, and overall commercial impression to the Asserted SALT LIFE Trademarks.  Indeed, Defendant has and continues to refer to itself as merely "Salt Life" or emphasize Plaintiff's SALT LIFE trademark and has utilized Plaintiff's trademark on its website and advertising to capitalize on the goodwill that exists in the Plaintiff's Asserted Trademarks, including as shown in Paragraph 79 which is incorporated here by reference.  Similarly, Defendant prominently displays and emphasizes Plaintiff's trademark and the words "SALT LIFE" on, including Defendant's website, in such a

manner that the same imitate or resemble Plaintiff's trademark.

97.     Defendant Salt Life Mortgage, LLC's depiction of "SALT LIFE" and "SALT LIFE MORTGAGE" or other colorable imitations of Plaintiff's SALT LIFE Trademarks (e.g., SaltLifeMortgage.com, SaltLifeMTG or other misspellings or variations of the SALT LIFE Trademarks) constitutes a false designation of origin in violation of 15 U.S.C. § 1125(a).

98.     Salt Life has been damaged as a direct and proximate result of Defendant's false designation of origin associated with the Asserted Trademarks.

99.     Salt Life will continue to be damaged as a direct and proximate result of Defendant Salt Life Mortgage, LLC's false designation of origin associated with the Asserted SALT LIFE Trademarks unless and until Defendant Salt Life Mortgage, LLC is enjoined from further depiction of "SALT LIFE" and "SALT LIFE MORTGAGE" and or other colorable imitations of Plaintiff's SALT LIFE Trademarks (e.g., SaltLifeMortgage.com, SaltLifeMTG or other misspellings or variations of the SALT LIFE Trademarks), including in connection with real estate, mortgage or other brokerage, lending, or financial services goods, and services associated with the Asserted SALT LIFE Trademarks.

### THIRD CAUSE OF ACTION:  DILUTION
### (15 U.S.C. § 1125(c) and Fla. Stat. Ann. § 495.151)
### (As To Defendant Salt Life Mortgage, LLC)

100.     Salt Life is the owner of the Asserted SALT LIFE Trademarks identified hereinabove and incorporates by reference the preceding allegations contained in paragraphs 1-99 as if repeated here verbatim.

101.     Salt Life's Asserted SALT LIFE Trademarks are inherently distinctive and have acquired distinctiveness through the long, continuous, and substantially exclusive use of the Asserted SALT LIFE Trademarks so that consumers associate the Asserted SALT LIFE

Trademarks with a single source, namely Plaintiff Salt Life.

102.    The trademark and service mark SALT LIFE has been used nationally, including throughout the State of Florida, to promote goods to the consuming public and such use has occurred since as early as 2003.

103.    Salt Life's use of the SALT LIFE name and the Asserted SALT LIFE Trademarks, in word, stylized and logo form, has been substantially exclusive for more than a decade.

104.    Salt Life has priority of use in all respects for its Asserted SALT LIFE Trademarks relative to Defendant Salt Life Mortgage, LLC's designations "SALT LIFE" and "SALT LIFE MORTGAGE" or other colorable imitations of Plaintiff's SALT LIFE Trademarks (e.g., SaltLifeMortgage.com, SaltLifeMTG or other misspellings or variations of the SALT LIFE Trademarks) as used in conjunction with various products and/or services, including goods or services that are confusingly similar to Salt Life's goods and services upon which or with which the Asserted SALT LIFE Trademarks have been used.

105.    Salt Life has generated tens of millions of dollars of revenue through the sale of millions of products bearing the Asserted SALT LIFE Trademarks, including approximately one million t-shirts bearing the Asserted SALT LIFE Trademarks, to consumers across the United States and internationally.

106.    Salt Life and its predecessors have made substantial investment in advertising, marketing, and promoting Salt Life's goods and services under the Asserted SALT LIFE Trademarks.  Salt Life and its predecessors have extensively used, advertised, promoted, and offered Salt Life's goods bearing the Asserted SALT LIFE Trademarks to the public through various channels of trade in commerce, including retail stores and online.  Accordingly, Salt

24

Life's customers and the public in general have come to know and recognize the Asserted SALT LIFE Trademarks and to associate the same with Salt Life and/or the goods or services sold by Salt Life.

107.    Salt Life and its predecessors have sold and offered for sale goods, including clothing, bearing the Asserted SALT LIFE Trademarks in a trading area of broad geographical scope encompassing all of Florida and throughout the United States.

108.    Salt Life's products are sold by or through more than 400 retailers in the State of Florida and in, at least, ten (10) branded retail stores located in Florida.  Additionally, three restaurants are operated in the State of Florida under Plaintiff's trademark SALT LIFE FOOD SHACK.

109.    The Asserted SALT LIFE Trademarks are symbolic of the extensive goodwill and consumer recognition that Salt Life has established through substantial expenditures of time, effort and other resources in the advertising and promotion of the goods Salt Life sells and offers for sale under the Asserted SALT LIFE Trademarks and the services offered under the Asserted SALT LIFE Trademarks.

110.    Salt Life has invested millions of dollars to market the Asserted SALT LIFE Trademarks through print and internet advertising channels and the use of brand ambassadors throughout the United States.  On average Salt Life has invested in excess of one million dollars in each of the past three years to market the Asserted SALT LIFE Trademarks.

111.    Through its advertising, including its brand ambassadors, the Asserted SALT LIFE Trademarks have permeated the market and are known and recognized in a wide variety of industries, including fishing, surfing, diving, music, auto racing and wake surfing.

112.    Salt Life has spent hundreds of thousands of dollars, if not over a million, to

register the Asserted SALT LIFE Trademarks nationally and to police against counterfeiting and

other unauthorized uses of the Asserted SALT LIFE Trademarks.

113.    The consuming public recognizes the Asserted SALT LIFE Trademarks as

identifiers of the source and quality of the goods bearing the Asserted SALT LIFE Trademarks.

114.    As a result of Salt Life's regular, extensive, and well-publicized use, as well as

the above-mentioned advertising, marketing, promotion, and sales, the SALT LIFE name and the

Asserted SALT LIFE trademarks, in word, stylized and logo form have become famous,

including within the State of Florida, and are associated exclusively with Salt Life and its high-

quality goods.  Indeed, the SALT LIFE name and mark, in word, stylized and logo form have

become famous within the meaning of 15 U.S.C. § 1125(c) and Fla. Stat. Ann. § 495.151 prior to

any use of the "SALT LIFE" and "SALT LIFE MORTGAGE" designations by Defendant.

115.    Defendant Salt Life Mortgage, LLC has used, advertised and promoted and/or

continues to use, advertise, and promote goods or services, namely real estate, mortgage or other

brokerage, lending or financial services, under the names or designations "SALT LIFE" and

"SALT LIFE MORTGAGE."

116.    Defendant Salt Life Mortgage, LLC has promoted and advertised its goods and

services in channels of trade that are similar or identical to the channels of trade in which

Plaintiff's SALT LIFE goods travel, are advertised and sold.  Indeed, Defendant utilizes the

website www.saltlifemortgage.com, the Facebook account "@saltlifemortgage" and the

Twitter/X account "@SaltLifeMTG", and participated in seafood festivals or other festivals to

promote, sell and offer for sale Defendant's products or services.

117.    Defendant Salt Life Mortgage, LLC's depiction of "SALT LIFE" and "SALT

LIFE MORTGAGE" or other colorable imitations of Plaintiff's SALT LIFE Trademarks (e.g.,

SaltLifeMortgage.com, SaltLifeMTG or other misspellings or variations of the SALT LIFE

Trademarks) is likely to cause confusion or mistake among consumers as to the source or origin

of the goods and services.

118.    Defendant Salt Life Mortgage, LLC's depiction of "SALT LIFE" and "SALT

LIFE MORTGAGE" or other colorable imitations of Plaintiff's SALT LIFE Trademarks (e.g.,

SaltLifeMortgage.com, SaltLifeMTG or other misspellings or variations of the SALT LIFE

Trademarks) is likely to cause confusion or mistake among consumers as to an affiliation

between Defendant and/or its products or services and Salt Life's goods and services.

119.    Defendant Salt Life Mortgage, LLC's "SALT LIFE" and "SALT LIFE

MORTGAGE" designations are confusingly similar in sound, appearance, connotation, and

overall commercial impression to the Asserted SALT LIFE Trademarks.  Indeed, Defendant has

and continues to appear to refer to itself as merely "Salt Life" by emphasizing Plaintiff's SALT

LIFE trademark and has utilized Plaintiff's trademark on its website and advertising to capitalize

on the goodwill that exists in the Plaintiff's Asserted Trademarks, including as shown in

Paragraph 79 which are incorporated herein by reference.  Similarly, Defendant Salt Life

Mortgage, LLC prominently displays and emphasizes Plaintiff's trademark and the words

"SALT LIFE"  in certain advertising and on Defendant's website or social media in such a

manner that the same imitate or resemble Plaintiff's trademark.

120.    Defendant Salt Life Mortgage, LLC's use of "SALT LIFE" and the "SALT LIFE

MORTGAGE" or other colorable imitations of Plaintiff's SALT LIFE Trademarks (e.g.,

SaltLifeMortgage.com, SaltLifeMTG or other misspellings or variations of the SALT LIFE

Trademarks) designations constitutes trademark infringement and false designation of origin as

described herein above.  Such acts also constitute dilution of the SALT LIFE trademarks.

121.     The SALT LIFE name and marks, in word, stylized and logo form is famous and distinctive and is entitled to protection against dilution by blurring or tarnishment.

122.     By using the term "SALT LIFE" and the "SALT LIFE MORTGAGE" Defendant Salt Life Mortgage, LLC intended to create an association with the SALT LIFE name and mark.

123.     Defendant Salt Life Mortgage, LLC's "SALT LIFE" and "SALT LIFE MORTGAGE" designations so resemble the Asserted SALT LIFE Trademarks that continued use of the "SALT LIFE" and "SALT LIFE MORTGAGE" designations by Defendant will cause dilution of the distinctive qualities of the Asserted SALT LIFE Trademarks by blurring Salt Life's Asserted SALT LIFE Trademarks from association with a single source, namely Salt Life. Such dilution will cause damage and injury to Salt Life and its goodwill in its Asserted SALT LIFE Trademarks.

124.     Defendant Salt Life Mortgage, LLC's "SALT LIFE" and "SALT LIFE MORTGAGE" designations so resemble the Asserted SALT LIFE Trademarks that continued use by Defendant will cause dilution of the distinctive qualities of the Asserted SALT LIFE Trademarks by tarnishing the goodwill associated with Salt Life's Asserted SALT LIFE Trademarks and the good name of Salt Life.  Such dilution will cause damage and injury to Salt Life and its goodwill in its Asserted SALT LIFE Trademarks.

125.     Defendant Salt Life Mortgage, LLC's use of the "SALT LIFE" and "SALT LIFE MORTGAGE" designations or other colorable imitations of Plaintiff's SALT LIFE Trademarks (e.g., SaltLifeMortgage.com, SaltLifeMTG or other misspellings or variations of the SALT LIFE Trademarks) will cause blurring in the minds of consumers between Salt Life and Defendant, thereby lessening the value of the Asserted SALT LIFE Trademarks, as unique identifiers of Salt Life's products.

126.    Defendant Salt Life Mortgage, LLC's use of the "SALT LIFE" and "SALT LIFE

MORTGAGE" designations or other colorable imitations of Plaintiff's SALT LIFE Trademarks

(e.g., SaltLifeMortgage.com, SaltLifeMTG or other misspellings or variations of the SALT LIFE

Trademarks) in connection with Defendant's business is also likely to tarnish the Asserted SALT

LIFE Trademarks because, *inter alia*, the subject matter of Defendant's services will harm the

reputation of the Asserted SALT LIFE Trademarks by portraying the Asserted SALT LIFE

Trademarks in an unfavorable context with goods or services which are of lesser quality than

those of Salt Life.

127.    Defendant Salt Life Mortgage, LLC's use of the "SALT LIFE" and "SALT LIFE

MORTGAGE" designations will result in the public associating a lack of prestige with Plaintiff's

goods and will thereby lessen the value of the Asserted SALT LIFE Trademarks, as unique

identifiers of Salt Life's products and is likely to evoke negative and/or unflattering thoughts of

Plaintiff's products and the Asserted SALT LIFE Trademarks in the minds of consumers.

128.    On information and belief, Defendant was aware of the Asserted SALT LIFE

Trademarks prior to any use of "SALT LIFE" and the "SALT LIFE MORTGAGE" designation

and, as such, the actions of Defendant described above were and continue to be deliberate and

willful. Salt Life is therefore entitled to recover damages in an amount to be determined at trial,

profits made by Defendant on sales of products or services including or under the "SALT LIFE"

mark and/or the "SALT LIFE MORTGAGE" designation, and the costs of this action pursuant to

15 U.S.C. § 1117.  Salt Life is therefore also entitled to injunctive relief pursuant to 15 U.S.C. §

1116, 15 U.S.C. § 1125(c) and Fla. Stat. Ann. § 495.151.

## FOURTH CAUSE OF ACTION:  FEDERAL AND COMMON LAW
## TRADEMARK INFRINGEMENT – ASSERTED SALT LIFE TRADEMARKS
### (15 U.S.C. § 1114)
### (As to Defendant Salt Life Business Lending, LLC)

129.    Salt Life is the owner of the Asserted SALT LIFE Trademarks identified

hereinabove and incorporates by reference the preceding allegations contained in paragraphs 1-

63 as if repeated here verbatim.

130.    Salt Life has priority of use in all respects for its Asserted SALT LIFE

Trademarks relative to Defendant Salt Life Business, LLC's infringing designation "SALT LIFE

BUSINESS LENDING" or other designations that are used by Defendant that are colorable

imitations of Plaintiff's SALT LIFE Trademarks (e.g., SaltLifebizlending.com, or other

misspellings or variations of the SALT LIFE Trademarks), as used in conjunction with various

products and services (e.g. real estate related services), including goods or services that are

confusingly similar to Salt Life's goods and services upon which or with which the Asserted

SALT LIFE Trademarks have been used.  For example, Plaintiff's SALT LIFE Trademarks have

been and continue to be used on buildings and business storefronts, including retail stores and

restaurants, and thus become associated with real estate.

131.    Salt Life's Asserted SALT LIFE Trademarks are inherently distinctive and have

acquired distinctiveness through the long, continuous, and substantially exclusive use of the

Asserted SALT LIFE Trademarks so that consumers associate the Asserted SALT LIFE

Trademarks with a single source, namely Salt Life.

132.    Salt Life and its predecessors have generated significant revenue through the sale

of products bearing the Asserted SALT LIFE Trademarks to consumers throughout the United

States.

133.    Salt Life and its predecessors have made substantial investment in advertising,

marketing, and promoting Salt Life's goods and services under the Asserted SALT LIFE

Trademarks.  Salt Life and its predecessors have extensively used, advertised, promoted, and

offered Salt Life's goods bearing the Asserted SALT LIFE Trademarks to the public through

various channels of trade in commerce, including retail stores and online, such as through the

internet (www.saltlife.com) and social media.  Accordingly, Salt Life's customers and the public

in general have come to know and recognize the Asserted SALT LIFE Trademarks and to

associate the same with Salt Life and/or the goods or services sold by Salt Life.

134.    Salt Life and its predecessors have sold and offered for sale goods, including

clothing, bearing the Asserted SALT LIFE Trademarks in a trading area of broad geographical

scope encompassing all of Florida and throughout the United States.

135.    Salt Life's products are sold by or through more than 1,700 wholesale sources

across 38 states, as well as 25 branded retail stores spanning the U.S. coastline from California to

Florida to New York.

136.    Salt Life's products are sold by or through more than 400 retailers in the State of

Florida and in more than ten (10) branded retail stores located in Florida.  Additionally, three

restaurants are operated in the State of Florida under Plaintiff's trademark SALT LIFE FOOD

SHACK.

137.    The Asserted SALT LIFE Trademarks are symbolic of the extensive goodwill and

consumer recognition that Salt Life has established through substantial expenditures of time,

effort and other resources in the advertising and promotion of the goods Salt Life sells and offers

for sale under the Asserted SALT LIFE Trademarks and the services offered under the Asserted

SALT LIFE Trademarks.

138.    Defendant Salt Life Business Lending, LLC has used, advertised,  and promoted

31

and/or continues to use, advertise, and promote goods or services, namely real estate lending or financial services, under the name or designation "SALT LIFE BUSINESS LENDING."

139.     Defendant Salt Life Mortgage, LLC has promoted and advertised its goods and services in channels of trade that are similar or identical to the channels of trade in which Plaintiff's SALT LIFE goods travel, are advertised and sold.  Indeed, Defendant Salt Life Business Lending, LLC utilizes the website www.saltlifebizlending.com, sell and offer for sale Defendant Salt Life Business Lending, LLC's products or services.

140.     The formative words utilized with Defendant Salt Life Business Lending, LLC's business and website include the following:



141.     Defendant Salt Life Business Lending, LLC's depiction of "SALT LIFE" and "SALT LIFE BUSINESS LENDING" or other colorable imitations of Plaintiff's SALT LIFE Trademarks (e.g., saltlifebizlending.com or other misspellings or variations of the SALT LIFE Trademarks) is likely to cause confusion or mistake among consumers as to the source or origin of the goods and services, or cause, mistake or deceive consumers and lead consumers to believe that Defendant, Defendant's business and/or Defendant's products or services are in some way backed by, sponsored by, franchised by, approved by, associated with, or otherwise connected with Salt Life.

142.     Defendant Salt Life Business, LLC's depiction of "SALT LIFE," "SALT LIFE BUSINESS LENDING," or other designations that are used by Defendants that are colorable imitations of Plaintiff's SALT LIFE Trademarks (e.g., saltlifebizlending.com or other misspellings or variations of the SALT LIFE Trademarks), is likely to cause, mistake or deceive

consumers and lead consumers to believe that Defendants, Defendants' business and/or

Defendants' products or services are in some way affiliated with, backed by, sponsored by,

franchised by, approved by, associated with, or otherwise connected with Salt Life and/or Salt

Life's goods and services.

143.    Defendant Salt Life Business Lending, LLC's "SALT LIFE" and "SALT LIFE

BUSINESS LENDING" designations are confusingly similar in sound, appearance, connotation,

and overall commercial impression to the Asserted SALT LIFE Trademarks.  Indeed, Defendant

Salt Life Business Lending, LLC has and continues to prominently display "SALT LIFE" such

that it appears Defendant is referring to Salt Life Business Lending, LLC as merely "Salt Life".

144.    Defendant Salt Life Business Lending, LLC prominently displays and emphasizes

Plaintiff's trademark and the words "SALT LIFE" in or on Defendant's advertising and website,

in such a manner that the same imitate or resemble configurations and product appearances that

were used or released into the marketplace by Salt Life prior to any such use by Defendant.  For

instance, a side-by-side comparison of examples of the Defendant's infringing use of "SALT

LIFE" and use of the "SALT LIFE BUSINESS LENDING" designation and some of the

Asserted SALT LIFE Trademarks as used in commerce are provided below:

| **SALT LIFE® Trademarks and/or Products** | **Examples of Defendant's Infringing Use** |
|---|---|
|  Figure 4A |  Figure 4B |
|  |  |



Figure 5A



Figure 5B

145.    Defendant Salt Life Business Lending, LLC's depiction of "SALT LIFE" and "SALT LIFE BUSINESS LENDING," or other designations that are used by Defendants that are colorable imitations of Plaintiff's SALT LIFE Trademarks, constitutes infringement of one or more of the Asserted SALT LIFE Trademarks in violation of 15 U.S.C. § 1114 and the common law.

146.    Defendant Salt Life Business Lending, LLC's depiction of "SALT LIFE," "SALT LIFE BUSINESS LENDING," or other designations that are used by Defendant that are colorable imitations of Plaintiff's SALT LIFE Trademarks, has been intentional and with knowledge of the Asserted SALT LIFE Trademarks.

147.    Salt Life has been damaged as a direct and proximate result of Defendant Salt Life Business Lending, LLC's depiction of "SALT LIFE" and "SALT LIFE BUSINESS LENDING" or other designations that are used by Defendant that are colorable imitations of Plaintiff's SALT LIFE Trademarks (e.g., saltlifebizlending.com or other misspellings or variations of the SALT LIFE Trademarks).

148.    Salt Life will continue to be damaged as a direct and proximate result of Defendant's depiction of "SALT LIFE" and "SALT LIFE BUSINESS LENDING" unless and until Defendant Salt Life Business Lending, LLC and Defendant Jackson are enjoined from further depiction of "SALT LIFE," "SALT LIFE BUSINESS LENDING" or other designations that are used by Defendants that are colorable imitations of Plaintiff's SALT LIFE Trademarks,

including but not limited to, in connection real estate lending or financial services, and with other goods and services associated with the Asserted SALT LIFE Trademarks.

**FIFTH CAUSE OF ACTION:  FALSE DESIGNATION OF ORIGIN**
**(15 U.S.C. § 1125(a))**
**(As To Defendant Salt Life Business Lending, LLC)**

149.    Salt Life is the owner of the Asserted SALT LIFE Trademarks identified hereinabove and incorporates by reference the preceding allegations contained in paragraphs 1-63 and 129-148 as if repeated here verbatim.

150.    Salt Life has priority of use in all respects for its Asserted SALT LIFE Trademarks relative to Defendant Salt Life Business Lending, LLC's designations "SALT LIFE" and "SALT LIFE BUSINESS LENDING" or other colorable imitations of Plaintiff's SALT LIFE Trademarks (e.g., saltlifebizlending.com or other misspellings or variations of the SALT LIFE Trademarks) as used in conjunction with various products and/or services, including goods or services that are confusingly similar to Salt Life's goods and services upon which or with which the Asserted SALT LIFE Trademarks have been used.

151.    Salt Life's Asserted SALT LIFE Trademarks are inherently distinctive and have acquired distinctiveness through the long, continuous, and substantially exclusive use of the Asserted SALT LIFE Trademarks so that consumers associate the Asserted SALT LIFE Trademarks with a single source, namely Salt Life.

152.    Salt Life and its predecessors have generated significant revenue through the sale of products bearing the Asserted SALT LIFE Trademarks to consumers throughout the United States.

153.    Salt Life and its predecessors have made substantial investment in advertising, marketing, and promoting Salt Life's goods and services under the Asserted SALT LIFE Trademarks.  Salt Life and its predecessors have extensively used, advertised, promoted, and

offered Salt Life's goods bearing the Asserted SALT LIFE Trademarks to the public through various channels of trade in commerce, including retail stores and online. Accordingly, Salt Life's customers and the public in general have come to know and recognize the Asserted SALT LIFE Trademarks and to associate the same with Salt Life and/or the goods or services sold by Salt Life.

154.    Salt Life and its predecessors have sold and offered for sale goods, including clothing, bearing the Asserted SALT LIFE Trademarks in a trading area of broad geographical scope encompassing all of Florida and throughout the United States.

155.    Salt Life's products are sold by or through more than 400 retailers in the State of Florida and in, at least, ten (10) branded retail stores located in Florida. Additionally, three restaurants are operated in the State of Florida under Plaintiff's trademark SALT LIFE FOOD SHACK.

156.    The Asserted SALT LIFE Trademarks are symbolic of the extensive goodwill and consumer recognition that Salt Life has established through substantial expenditures of time, effort and other resources in the advertising and promotion of the goods Salt Life sells and offers for sale under the Asserted SALT LIFE Trademarks and the services offered under the Asserted SALT LIFE Trademarks.

157.    Defendant Salt Life Business Lending, LLC has used, advertised and promoted and/or continues to use, advertise, and promote goods or services, namely real estate financial and lending services, under the names or designations "SALT LIFE" and "SALT LIFE BUSINESS LENDING."

158.    Defendant Salt Life Business Lending, LLC has promoted and advertised its goods and services in channels of trade that are similar or identical to the channels of trade in

which Plaintiff's SALT LIFE goods travel, are advertised and sold.  Indeed, Defendant Salt Life
Business Lending, LLC utilizes the website www.saltlifebizlending.com, to promote, sell and
offer for sale Defendant's products or services.

159.    Defendant Salt Life Business Lending, LLC's depiction of "SALT LIFE" and
"SALT LIFE BUSINESS LENDING" or other colorable imitations of Plaintiff's SALT LIFE
Trademarks (e.g., saltlifebizlending.com or other misspellings or variations of the SALT LIFE
Trademarks) is likely to cause confusion or mistake among consumers as to the source or origin
of the goods and services.

160.    Defendant Salt Life Business Lending, LLC's depiction of "SALT LIFE" and
"SALT LIFE BUSINESS LENDING" or other colorable imitations of Plaintiff's SALT LIFE
Trademarks (e.g., saltlifebizlending.com or other misspellings or variations of the SALT LIFE
Trademarks) is likely to cause confusion or mistake among consumers as to an affiliation
between Defendant and/or its products or services and Salt Life's goods and services.

161.    Defendant Salt Life Business Lending, LLC's "SALT LIFE" and "SALT LIFE
BUSINESS LENDING" designations or other colorable imitations of Plaintiff's SALT LIFE
Trademarks (e.g., saltlifebizlending.com or other misspellings or variations of the SALT LIFE
Trademarks) are confusingly similar in sound, appearance, connotation, and overall commercial
impression to the Asserted SALT LIFE Trademarks.  Indeed, Defendant has and continues to
emphasize Plaintiff's SALT LIFE trademark such that it appears to refer to itself as merely "Salt
Life" or and has utilized Plaintiff's trademark on its website and advertising to capitalize on the
goodwill that exists in the Plaintiff's Asserted Trademarks, including as shown in Paragraph 144
which is incorporated here by reference.  Similarly, Defendant prominently displays and
emphasizes Plaintiff's trademark and the words "SALT LIFE" on Defendant's website in such a

37

manner that the same imitate or resemble Plaintiff's trademark.

162.    Defendant Salt Life Business Lending, LLC's depiction of "SALT LIFE" and "SALT LIFE BUSINESS LENDING" constitutes a false designation of origin in violation of 15 U.S.C. § 1125(a).

163.    Salt Life has been damaged as a direct and proximate result of Defendant's false designation of origin associated with the Asserted Trademarks.

164.    Salt Life will continue to be damaged as a direct and proximate result of Defendant Salt Life Business Lending, LLC's false designation of origin associated with the Asserted SALT LIFE Trademarks unless and until Defendant Salt Life Business Lending, LLC is enjoined from further depiction of "SALT LIFE" and "SALT LIFE BUSINESS LENDING," or other colorable imitations of Plaintiff's SALT LIFE Trademarks (e.g., saltlifebizlending.com or other misspellings or variations of the SALT LIFE Trademarks), including in connection with real estate, lending, or financial goods and services, and goods and services associated with the Asserted SALT LIFE Trademarks.

### SIXTH CAUSE OF ACTION:  DILUTION
**(15 U.S.C. § 1125(c) and Fla. Stat. Ann. § 495.151)**
**(As To Defendant Salt Life Business Lending, LLC)**

165.    Salt Life is the owner of the Asserted SALT LIFE Trademarks identified hereinabove and incorporates by reference the preceding allegations contained in paragraphs 1-63 and 129-164 as if repeated here verbatim.

166.    Salt Life's Asserted SALT LIFE Trademarks are inherently distinctive and have acquired distinctiveness through the long, continuous, and substantially exclusive use of the Asserted SALT LIFE Trademarks so that consumers associate the Asserted SALT LIFE Trademarks with a single source, namely Plaintiff Salt Life.

167. The trademark and service mark SALT LIFE has been used nationally, including throughout the State of Florida, to promote goods to the consuming public and such use has occurred since as early as 2003.

168. Salt Life's use of the SALT LIFE name and the Asserted SALT LIFE Trademarks, in word, stylized and logo form, has been substantially exclusive for more than a decade.

169. Salt Life has priority of use in all respects for its Asserted SALT LIFE Trademarks relative to Defendant Salt Life Business Lending, LLC's designations "SALT LIFE" and "SALT LIFE BUSINESS LENDING" or other colorable imitations of Plaintiff's SALT LIFE Trademarks (e.g., saltlifebizlending.com or other misspellings or variations of the SALT LIFE Trademarks) as used in conjunction with various products and/or services, including goods or services that are confusingly similar to Salt Life's goods and services upon which or with which the Asserted SALT LIFE Trademarks have been used.

170. Salt Life has generated tens of millions of dollars of revenue through the sale of millions of products bearing the Asserted SALT LIFE Trademarks, including approximately one million t-shirts bearing the Asserted SALT LIFE Trademarks, to consumers across the United States and internationally.

171. Salt Life and its predecessors have made substantial investment in advertising, marketing, and promoting Salt Life's goods and services under the Asserted SALT LIFE Trademarks. Salt Life and its predecessors have extensively used, advertised, promoted, and offered Salt Life's goods bearing the Asserted SALT LIFE Trademarks to the public through various channels of trade in commerce, including retail stores and online. Accordingly, Salt Life's customers and the public in general have come to know and recognize the Asserted SALT

LIFE Trademarks and to associate the same with Salt Life and/or the goods or services sold by Salt Life.

172.     Salt Life and its predecessors have sold and offered for sale goods, including clothing, bearing the Asserted SALT LIFE Trademarks in a trading area of broad geographical scope encompassing all of Florida and throughout the United States.

173.     Salt Life's products are sold by or through more than 400 retailers in the State of Florida and in, at least, ten (10) branded retail stores located in Florida.  Additionally, three restaurants are operated in the State of Florida under Plaintiff's trademark SALT LIFE FOOD SHACK.

174.     The Asserted SALT LIFE Trademarks are symbolic of the extensive goodwill and consumer recognition that Salt Life has established through substantial expenditures of time, effort and other resources in the advertising and promotion of the goods Salt Life sells and offers for sale under the Asserted SALT LIFE Trademarks and the services offered under the Asserted SALT LIFE Trademarks.

175.     Salt Life has invested millions of dollars to market the Asserted SALT LIFE Trademarks through print and internet advertising channels and the use of brand ambassadors throughout the United States.  On average Salt Life has invested in excess of one million dollars in each of the past three years to market the Asserted SALT LIFE Trademarks.

176.     Through its advertising, including its brand ambassadors, the Asserted SALT LIFE Trademarks have permeated the market and are known and recognized in a wide variety of industries, including fishing, surfing, diving, music, auto racing and wake surfing.

177.     Salt Life has spent hundreds of thousands of dollars, if not over a million, to register the Asserted SALT LIFE Trademarks nationally and to police against counterfeiting and

other unauthorized uses of the Asserted SALT LIFE Trademarks.

178.    The consuming public recognizes the Asserted SALT LIFE Trademarks as identifiers of the source and quality of the goods bearing the Asserted SALT LIFE Trademarks.

179.    As a result of Salt Life's regular, extensive, and well-publicized use, as well as the above-mentioned advertising, marketing, promotion, and sales, the SALT LIFE name and the Asserted SALT LIFE trademarks, in word, stylized and logo form have become famous, including within the State of Florida, and are associated exclusively with Salt Life and its high-quality goods.  Indeed, the SALT LIFE name and mark, in word, stylized and logo form have become famous within the meaning of 15 U.S.C. § 1125(c) and Fla. Stat. Ann. § 495.151 prior to any use of the "SALT LIFE" and "SALT LIFE BUSINESS LENDING" designations by Defendant.

180.    Defendant Salt Life Business Lending, LLC has used, advertised and promoted and/or continues to use, advertise, and promote goods or services, namely real estate, lending, or financial goods and services, under the names or designations "SALT LIFE" and "SALT LIFE BUSINESS LENDING."

181.    Defendant Salt Life Business Lending, LLC has promoted and advertised its goods and services in channels of trade that are similar or identical to the channels of trade in which Plaintiff's SALT LIFE goods travel, are advertised and sold.  Indeed, Defendant utilizes the website www.saltlifebizlending.com to promote, sell and offer for sale Defendant's products or services.

182.    Defendant Salt Life Business Lending, LLC's depiction of "SALT LIFE" and "SALT LIFE BUSINESS LENDING" or other colorable imitations of Plaintiff's SALT LIFE Trademarks (e.g., saltlifebizlending.com or other misspellings or variations of the SALT LIFE

Trademarks) is likely to cause confusion or mistake among consumers as to the source or origin of the goods and services.

183.     Defendant Salt Life Business Lending, LLC's depiction of "SALT LIFE" and "SALT LIFE BUSINESS LENDING" is likely to cause confusion or mistake among consumers as to an affiliation between Defendant and/or its products or services and Salt Life's goods and services.

184.     Defendant Salt Life Business Lending, LLC's "SALT LIFE" and "SALT LIFE BUSINESS LENDING" designations are confusingly similar in sound, appearance, connotation, and overall commercial impression to the Asserted SALT LIFE Trademarks.  Indeed, Defendant has and continues to emphasize Plaintiff's SALT LIFE trademark, to appear to refer to itself as merely "Salt Life," and has utilized Plaintiff's trademark on its website and advertising to capitalize on the goodwill that exists in the Plaintiff's Asserted Trademarks, including as shown in Paragraph 144 which is incorporated herein by reference.  Similarly, Defendant Salt Life Business Lending, LLC prominently displays and emphasizes Plaintiff's trademark and the words "SALT LIFE"  in certain advertising, e.g., on Defendant's website, in such a manner that the same imitate or resemble Plaintiff's trademark.

185.     Defendant Salt Life Business Lending, LLC's use of "SALT LIFE" and the "SALT LIFE BUSINESS LENDING" designations or other colorable imitations of Plaintiff's SALT LIFE Trademarks (e.g., saltlifebizlending.com or other misspellings or variations of the SALT LIFE Trademarks) constitutes trademark infringement and false designation of origin as described herein above.  Such acts also constitute dilution of the SALT LIFE trademarks.

186.     The SALT LIFE name and marks, in word, stylized and logo form is famous and distinctive and is entitled to protection against dilution by blurring or tarnishment.

187.   By using the term "SALT LIFE" and the "SALT LIFE BUSINESS LENDING" Defendant Salt Life Business Lending, LLC intended to create an association with the SALT LIFE name and mark.

188.   Defendant Salt Life Business Lending, LLC's "SALT LIFE" and "SALT LIFE BUSINESS LENDING" designations or other colorable imitations of Plaintiff's SALT LIFE Trademarks (e.g., saltlifebizlending.com or other misspellings or variations of the SALT LIFE Trademarks) designations so resemble the Asserted SALT LIFE Trademarks that continued use of the "SALT LIFE" and "SALT LIFE BUSINESS LENDING" designations by Defendant will cause dilution of the distinctive qualities of the Asserted SALT LIFE Trademarks by blurring Salt Life's Asserted SALT LIFE Trademarks from association with a single source, namely Salt Life.  Such dilution will cause damage and injury to Salt Life and its goodwill in its Asserted SALT LIFE Trademarks.

189.   Defendant Salt Life Business Lending, LLC's "SALT LIFE" and "SALT LIFE BUSINESS LENDING" designations or other colorable imitations of Plaintiff's SALT LIFE Trademarks (e.g., saltlifebizlending.com or other misspellings or variations of the SALT LIFE Trademarks) so resemble the Asserted SALT LIFE Trademarks that continued use by Defendant will cause dilution of the distinctive qualities of the Asserted SALT LIFE Trademarks by tarnishing the goodwill associated with Salt Life's Asserted SALT LIFE Trademarks and the good name of Salt Life.  Such dilution will cause damage and injury to Salt Life and its goodwill in its Asserted SALT LIFE Trademarks.

190.   Defendant Salt Life Business Lending, LLC's use of the "SALT LIFE" and "SALT LIFE BUSINESS LENDING" designations will cause blurring in the minds of consumers between Salt Life and Defendant, thereby lessening the value of the Asserted SALT

LIFE Trademarks, as unique identifiers of Salt Life's products.

191.    Defendant Salt Life Business Lending, LLC's use of the "SALT LIFE" and "SALT LIFE BUSINESS LENDING" designations or other colorable imitations of Plaintiff's SALT LIFE Trademarks (e.g., saltlifebizlending.com or other misspellings or variations of the SALT LIFE Trademarks) in connection with Defendant's business is also likely to tarnish the Asserted SALT LIFE Trademarks because, *inter alia*, the subject matter of Defendant's services will harm the reputation of the Asserted SALT LIFE Trademarks by portraying the Asserted SALT LIFE Trademarks in an unfavorable context with clothing and accessories which are of lesser quality than those of Salt Life.

192.    Defendant Salt Life Business Lending, LLC's use of the "SALT LIFE" and "SALT LIFE BUSINESS LENDING" designations or other colorable imitations of Plaintiff's SALT LIFE Trademarks (e.g., saltlifebizlending.com or other misspellings or variations of the SALT LIFE Trademarks) will result in the public associating a lack of prestige with Plaintiff's goods and will thereby lessen the value of the Asserted SALT LIFE Trademarks, as unique identifiers of Salt Life's products and is likely to evoke negative and/or unflattering thoughts of Plaintiff's products and the Asserted SALT LIFE Trademarks in the minds of consumers.

193.    On information and belief, Defendant was aware of the Asserted SALT LIFE Trademarks prior to any use of "SALT LIFE" and the "SALT LIFE BUSINESS LENDING" designation and, as such, the actions of Defendant described above were and continue to be deliberate and willful. Salt Life is therefore entitled to recover damages in an amount to be determined at trial, profits made by Defendant on sales of products or services including or under the "SALT LIFE" mark and/or the "SALT LIFE BUSINESS LENDING" designation, and the costs of this action pursuant to 15 U.S.C. § 1117.  Salt Life is therefore also entitled to injunctive

relief pursuant to 15 U.S.C. § 1116, 15 U.S.C. § 1125(c) and Fla. Stat. Ann. § 495.151.

**SEVENTH COUNT: CONTRIBUTORY FEDERAL AND COMMON LAW TRADEMARK INFRINGEMENT ASSERTED SALT LIFE TRADEMARKS**
**(15 U.S.C. § 1114)**
**(As To Defendant Gidget Jackson)**

194.     Salt Life incorporates the allegations of paragraphs 1-83 and 129-148 by reference as if repeated here verbatim.

195.     Defendant Jackson has directed, participated in, cooperated with and/or encouraged the infringing acts of Defendants Salt Life Mortgage, LLC and Salt Life Business Lending, LLC.  Defendant Jackson has encouraged Corporate Defendants' trademark infringement.

196.     All or a substantial portion of the aspects of the Corporate Defendants' use, advertisement and promotion of the names or designations SALT LIFE, SALT LIFE MORTGAGE, and/or SALT LIFE BUSINESS LENDING or other colorable imitations of Plaintiff's SALT LIFE Trademarks has been controlled by and/or directed by Defendant Jackson.

197.     Indeed, Defendant Jackson controls all aspects of Defendant Salt Life Mortgage, LLC's  business related to the names or designations SALT LIFE and SALT LIFE MORTGAGE, and Defendant Jackson controls all aspects of Defendant Salt Life Business Lending, LLC's  business related to the names or designations SALT LIFE and SALT LIFE BUSINESS LENDING.

198.     Defendant Salt Life Mortgage, LLC's depiction of SALT LIFE and SALT LIFE MORTGAGE in connection with goods and services associated with the Asserted SALT LIFE Trademarks constitutes infringement of one or more of the Asserted SALT LIFE Trademarks in violation of 15 U.S.C. § 1114 and the common law.  Defendant Salt Life Business Lending,

45

LLC's depiction of SALT LIFE and SALT LIFE BUSINESS LENDING in connection constitutes infringement of one or more of the Asserted SALT LIFE Trademarks in violation of 15 U.S.C. § 1114 and the common law.

199.    In as much as Defendant Jackson controls all aspects of the business of Defendants Salt Life Mortgage, LLC and Salt Life Business Lending, LLC, Defendant Jackson has directed, participated in, cooperated with and/or encouraged the aforementioned infringing acts of the Corporate Defendants.

200.    Defendant Jackson has known that Defendant Salt Life Mortgage, LLC's depiction of SALT LIFE and SALT LIFE MORTGAGE and Defendant Salt Life Business Lending, LLC's depiction of SALT LIFE and SALT LIFE BUSINESS LENDING constituted trademark infringement since at least the time that Salt Life contacted Defendant Jackson about the unauthorized use of the Asserted Salt Life Trademarks or the TTAB proceeding related to the SALT LIFE MORTGAGE designation.  Notwithstanding her knowledge of the Corporate Defendants' infringement, Defendant Jackson has continued to control, direct, participate in and/or encourage the infringing actions of the Corporate Defendants.  Defendant Jackson has actively and knowingly caused the Corporate Defendants' infringement.

201.    Defendant Jackson's actions constitute contributory trademark infringement.

202.    Salt Life has been damaged as a direct and proximate result of Defendants' depiction of SALT LIFE, SALT LIFE MORTGAGE and/or SALT LIFE BUSINESS LENDING or other colorable imitations of Plaintiff's SALT LIFE Trademarks and has been damaged by Defendant Jackson's contributory trademark infringement which includes actions of controlling, directing, participating in and/or encouraging Defendants Salt Life Mortgage, LLC's and Salt Life Business Lending, LLC's direct trademark infringement.

203.    Salt Life will continue to be damaged as a direct and proximate result of Defendant Jackson's contributory trademark infringement and Defendants' depiction of SALT LIFE, SALT LIFE MORTGAGE and/or SALT LIFE BUSINESS LENDING unless and until Defendants are enjoined from any and all further depiction of "SALT LIFE," "SALT LIFE MORTGAGE," "SALT LIFE BUSINESS LENDING," and any other colorable imitations of Plaintiff's SALT LIFE Trademarks including in connection with goods and services associated with the Asserted SALT LIFE Trademarks, in connection with the real estate, mortgage or other brokerage, lending, or financial services, and other services with which Defendants have used said SALT LIFE, SALT LIFE MORTGAGE and SALT LIFE BUSINESS LENDING designations, in connection with Defendants' websites, social media and in connection with Defendants' business operations.

## EIGHTH COUNT: CONTRIBUTORY FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(a))
### (As To Defendant Gidget Jackson)

204.    Salt Life incorporates the allegations of paragraphs 1-63, 84-99 and 149-164 by reference as if repeated here verbatim.

205.    Defendant Salt Life Mortgage, LLC's depiction of SALT LIFE and SALT LIFE MORTGAGE, and Defendant Salt Life Business Lending, LLC's depiction of SALT LIFE and SALT LIFE BUSINESS LENDING, constitutes a false designation of origin in violation of 15 U.S.C. § 1125(a) as described herein above.

206.    In as much as Defendant Jackson controls all aspects of the business of Defendant Salt Life Mortgage, LLC and Defendant Salt Life Business Lending, LLC, she has directed, participated in, cooperated with and/or encouraged the aforementioned acts of the Corporate Defendants which constitute false designation of origin under the Lanham Act.

207.    Defendant Jackson's actions constitute contributory false designation of origin.

208.     Salt Life will continue to be damaged as a direct and proximate result of

Defendant Jackson's contributory false designation of origin and Defendants Salt Life Mortgage,

LLC 's and Salt Life Business Lending, LLC's false designation of origin associated with the

Asserted Trademarks unless and until Defendants are enjoined from any and all further depiction

of "SALT LIFE," "SALT LIFE MORTGAGE," "SALT LIFE BUSINESS LENDING," and any

other colorable imitations of Plaintiff's SALT LIFE Trademarks in connection with the real

estate, mortgage or other brokerage, lending, or financial services, and other services with which

Defendants have used said SALT LIFE, SALT LIFE MORTGAGE and SALT LIFE BUSINESS

LENDING designations, in connection with Defendants' websites, social media and in

connection with Defendants' business operations.

### NINTH COUNT: CONTRIBUTORY DILUTION
**(15 U.S.C. § 1125(c) and Fla. Stat. Ann. § 495.151)**
**(As To Defendant Gidget Jackson)**

209.     Salt Life incorporates the allegations of paragraphs 1-63, 100-128 and 165-193 by

reference the preceding allegations as if repeated here verbatim.

210.     The SALT LIFE name and mark, in word, stylized and logo form have become

famous within the meaning of 15 U.S.C. § 1125(c) and Fla. Stat. Ann. § 495.151 prior to any use

of the SALT LIFE, SALT LIFE MORTGAGE and/or SALT LIFE BUSINESS LENDING

designations by the Corporate Defendants, and/or any act of Defendant Jackson to direct,

participate in, cooperate with and/or encourage the aforementioned acts of Defendants.

211.     In as much as Defendant Jackson controls or controlled, during the time period

relevant to this Complaint, all aspects of the business of the Corporate Defendants, Defendant

Jackson has directed, participated in, cooperated with and/or encouraged the aforementioned acts

of the Corporate Defendants which constitute trademark dilution under the Lanham Act.

212.     The SALT LIFE name and marks, in word, stylized and logo form is famous and distinctive and is entitled to protection against dilution by blurring or tarnishment.

213.     Defendants' SALT LIFE MORTGAGE and SALT LIFE BUSINESS LENDING designations so resembles the Asserted SALT LIFE Trademarks that continued use of the SALT LIFE MORTGAGE and/or SALT LIFE BUSINESS LENDING designations will cause dilution of the distinctive qualities of the Asserted SALT LIFE Trademarks by blurring.  Such dilution will cause damage and injury to Salt Life and its goodwill in its Asserted SALT LIFE Trademarks.

214.     Defendant Jackson's actions constitute contributory trademark dilution.

215.     On information and belief, Defendant Jackson was aware of the Asserted SALT LIFE Trademarks prior to any act of Defendant Jackson to direct, participate in, cooperate with and/or encourage use of the SALT LIFE MORTGAGE and/or SALT LIFE BUSINESS LENDING designations by the Corporate Defendants, and, as such, the actions of Defendant Jackson described above were and continue to be deliberate and willful. Salt Life is therefore entitled to recover damages in an amount to be determined at trial, profits made by Defendants on sales of products and services including the SALT LIFE MORTGAGE or SALT LIFE BUSINESS LENDING designations, and the costs of this action pursuant to 15 U.S.C. § 1117. Salt Life is therefore also entitled to injunctive relief pursuant to 15 U.S.C. § 1116, 15 U.S.C. § 1125(c) and Fla. Stat. Ann. § 495.151.  Such injunctive relief should include enjoining Defendants from any and all further depiction of "SALT LIFE," "SALT LIFE MORTGAGE," "SALT LIFE BUSINESS LENDING," and any other colorable imitations of Plaintiff's SALT LIFE Trademarks including in connection with goods and services associated with the Asserted SALT LIFE Trademarks, in connection with the real estate mortgage or other brokerage, lending,

or financial services, and other services with which Defendants have used said SALT LIFE,

SALT LIFE MORTGAGE and SALT LIFE BUSINESS LENDING designations, in connection

with Defendants' websites, social media and in connection with Defendants' business operations.

## TENTH COUNT: VICARIOUS LIABILITY FOR TRADEMARK INFRINGEMENT
### ASSERTED SALT LIFE TRADEMARKS
### (15 U.S.C. § 1114)
### (As To Defendant Gidget Jackson)

216.    Salt Life incorporates the allegations of paragraphs 1-83 and 129-148 by

reference as if repeated here verbatim.

217.    Defendant Jackson has directed and/or participated in the infringing acts of the

Corporate Defendants.  Defendant Jackson has exercised control over the Corporate Defendants'

trademark infringement.

218.    Defendant Jackson has an actual or apparent partnership with the Corporate

Defendants such that Defendant Jackson had the authority to bind the Corporate Defendants, and

Defendant Jackson received a direct financial benefit from the infringing behavior of the

Corporate Defendants.

219.    Defendant Jackson controls all aspects of Defendant Salt Life Mortgage, LLC's

business related to the names or designations SALT LIFE and SALT LIFE MORTGAGE.

220.    Defendant Jackson controls all aspects of Defendant Salt Life Business Lending,

LLC's business related to the names or designations SALT LIFE and SALT LIFE BUSINESS

LENDING.

221.    All or a substantial portion of the aspects of Defendant Salt Life Mortgage, LLC's

use, advertisement and promotion of the names or designations SALT LIFE and/or SALT LIFE

MORTGAGE has been controlled by and/or directed by Defendant Jackson. All or a substantial

portion of the aspects of Defendant Salt Life Business Lending, LLC's use, advertisement and

promotion of the names or designations SALT LIFE and/or SALT LIFE BUSINESS LENDING

has been controlled by and/or directed by Defendant Jackson.

222.    The Corporate Defendants' depiction of SALT LIFE, SALT LIFE MORTGAGE

and/or SALT LIFE BUSINESS LENDING in connection with the real estate, mortgage or other

brokerage, lending, or financial services, and other services with which Defendants have used

said SALT LIFE, SALT LIFE MORTGAGE and SALT LIFE BUSINESS LENDING

designations, constitutes infringement of one or more of the Asserted SALT LIFE Trademarks in

violation of 15 U.S.C. § 1114 and the common law.

223.    Defendant Jackson has known that the Corporate Defendants' depiction of SALT

LIFE, SALT LIFE MORTGAGE and/or SALT LIFE BUSINESS LENDING constituted

trademark infringement since at least the time that Salt Life contacted Defendant Jackson about

the unauthorized use of the Asserted Salt Life Trademarks or since the TTAB proceeding

concerning the SALT LIFE MORTGAGE designation.  Notwithstanding her knowledge of the

Corporate Defendants' infringement, Defendant Jackson has continued to control, direct, and/or

participate in the infringing actions of the Corporate Defendants.  Defendant Jackson has actively

and knowingly caused the Corporate Defendants' infringement.

224.    As a result, Defendant Jackson is vicariously liable for the Corporate Defendants'

trademark infringement.

## ELEVENTH COUNT: VICARIOUS LIABILITY FOR FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(a))
### (As To Defendant Gidget Jackson)

225.    Salt Life incorporates the allegations of paragraphs 1-63, 84-99 and 149-164 by

reference as if repeated here verbatim.

226.    Defendant Jackson has an actual or apparent partnership with the Corporate

Defendants such that Defendant Jackson had the authority to bind the Corporate Defendants, and

Defendant Jackson received a direct financial benefit from the behavior of Defendants Salt Life Mortgage, LLC and Salt Life Business Lending, LLC constituting false designation of origin.

227.   All or a substantial portion of the aspects of the Corporate Defendants' use, advertisement and promotion of the names or designations SALT LIFE, SALT LIFE BUSINESS LENDING and/or SALT LIFE MORTGAGE has been controlled by and/or directed by Defendant Jackson.

228.   Defendant Jackson controls all aspects of the Corporate Defendants' business related to the names or designations SALT LIFE, SALT LIFE BUSINESS LENDING and SALT LIFE MORTGAGE.

229.   The Corporate Defendants' depiction of SALT LIFE, SALT LIFE BUSINESS LENDING and/or SALT LIFE MORTGAGE, including in connection with goods and services associated with the Asserted Trademarks, constitutes a false designation of origin in violation of 15 U.S.C. § 1125(a) as described herein above.

230.   Defendant Jackson has directed and/or participated in the acts of the Corporate Defendants constituting a false designation of origin in violation of 15 U.S.C. § 1125(a). Defendant Jackson has exercised control over the Corporate Defendants' false designation of origin in violation of 15 U.S.C. § 1125(a).

231.   As a result, Defendant Jackson is vicariously liable for the Corporate Defendants' false designation of origin in violation of 15 U.S.C. § 1125(a).

### TWELFTH COUNT: VICARIOUS LIABILITY FOR DILUTION
**(15 U.S.C. § 1125(c) and Fla. Stat. Ann. § 495.151)**
**(As To Defendant Gidget Jackson)**

232.   Salt Life incorporates the allegations of paragraphs 1-63, 100-128 and 165-193 by reference the preceding allegations as if repeated here verbatim.

233.    Defendant Jackson has an actual or apparent partnership with the Corporate Defendants such that Defendant Jackson had the authority to bind the Corporate Defendants, and Defendant Jackson received a direct financial benefit from the behavior of the Corporate Defendants constituting trademark dilution.

234.    All or a substantial portion of the aspects of the Corporate Defendants' use, advertisement and promotion of the names or designations SALT LIFE, SALT LIFE BUSINESS LENDING, and/or SALT LIFE MORTGAGE or other colorable imitations of Plaintiff's SALT LIFE Trademarks has been controlled by and/or directed by Defendant Jackson.

235.    Defendant Jackson controls all aspects of the Corporate Defendants' business related to the names or designations SALT LIFE, SALT LIFE BUSINESS LENDING and SALT LIFE MORTGAGE.

236.    The Corporate Defendants' depiction of SALT LIFE, SALT LIFE BUSINESS LENDING, and SALT LIFE MORTGAGE, including in connection with goods and services associated with the Asserted Trademarks, constitutes a trademark dilution within the meaning of 15 U.S.C. § 1125(c) and Fla. Stat. Ann. § 495.151 as described herein above.

237.    Defendant Jackson has directed and/or participated in the acts of the Corporate Defendants' constituting a false designation of origin in violation of 15 U.S.C. § 1125(a). Defendant Jackson has exercised control over the Corporate Defendants' trademark dilution within the meaning of 15 U.S.C. § 1125(c) and Fla. Stat. Ann. § 495.151 as described herein above.

238.    As a result, Defendant Jackson is vicariously liable for the Corporate Defendants' trademark dilution within the meaning of 15 U.S.C. § 1125(c) and Fla. Stat. Ann. § 495.151 as described herein above.

## <u>REQUEST FOR RELIEF</u>

Wherefore, Salt Life respectfully requests the entry of judgment against Defendants providing the following relief:

(A)     ordering that Salt Life is the exclusive owner of the Asserted SALT LIFE Trademarks and that said trademarks are valid;

(B)     finding that Defendants have infringed Salt Life's Asserted SALT LIFE Trademarks under 15 U.S.C. § 1114 and the common law;

(C)     finding that Defendants have violated 15 U.S.C. § 1125(a);

(D)     finding that Defendants have violated 15 U.S.C. § 1125(c);

(E)     finding that Plaintiff's marks are famous, including under Fla. Stat. Ann. § 495.151 and Defendants have engaged in acts of dilution and/or contributory dilution;

(F)     finding that Defendant Jackson engaged in acts of contributory trademark infringement, contributory dilution, and contributory false designation of origin;

(G)     finding that Defendant Jackson is vicariously liable for Defendants Salt Life Mortgage, LLC's and Salt Life Business Lending, LLC's trademark infringement, false designation of origin and trademark dilution;

(H)     enjoining, both preliminarily and permanently, Defendants from:

a.  any further use or depiction of "SALT LIFE;"

b.  any further use or depiction of "SALT LIFE MORTGAGE;"

c.  any further use or depiction of "SALT LIFE BUSINESS LENDING;"

d.  any further use or depiction of Plaintiff's SALT LIFE trademark and/or any reproduction, counterfeit, copy, or colorable imitation thereof pursuant 15 U.S.C. § 1114(1)(a); and

e.  any further use or depiction of modified versions of, grammatical variations of, or misspelled versions of "SALT LIFE," "SALT LIFE MORTGAGE," and "SALT LIFE BUSINESS LENDING," and/or Plaintiff's SALT LIFE Trademarks (including saltlifemortgage.com, SaltLifeMTG, @saltlifemortgage, @SaltLifeMTG, saltlifebizlending)  on, with, or related to any business, any product, and/or any service related in any way to "real estate, mortgage or other brokerage, lending, or financial services, and other services with which Defendants have used said SALT LIFE, SALT LIFE MORTGAGE or SALT LIFE BUSINESS LENDING designations", including in with any advertising, website, social media page, print or video advertisements, or other promotional items;

(I)   ordering Defendants pursuant to 15 U.S.C. § 1116, file with the court and serve on counsel for Plaintiff within thirty days after the service on the Defendants of the Court's injunction, a report in writing under oath setting forth in detail the manner and form in which the Defendants have complied with the injunction;

(J)   ordering Defendants to deliver, within thirty days of entry of any order awarding monetary relief to Plaintiff, a fully completed and accurate version of the Fact Information Sheet (Fla. R. Civ. P. Form 1.977)  to Plaintiff's counsel to facilitate satisfaction of any judgment and/or  attorneys' fee award;

(K)   ordering Defendant to deliver to Plaintiff's counsel for destruction all advertisements, materials, and products that include:

a.  Defendant's depiction of "SALT LIFE," "SALT LIFE MORTGAGE" or "SALT LIFE BUSINESS LENDING;"

b.  Defendant's depiction of Plaintiff's SALT LIFE trademark and/or any
    reproduction, counterfeit, copy, or colorable imitation thereof; and

c.  Defendant's depiction of modified or misspelled versions of terms "SALT
    LIFE," the "SALT LIFE MORTGAGE" designation, the "SALT LIFE
    BUSINESS LENDING" designation and/or Plaintiff's SALT LIFE trademarks
    on, with, or related to any business, any product, any service, any advertising,
    website, social media page, print or video advertisements, or other promotional
    items, related in any way to "mortgage, lending, real estate, financial services,
    clothing, apparel, restaurants, online stores, or retail stores";

(L)  awarding Salt Life any profits obtained by Defendants associated with the acts
described herein;

(M)  awarding Salt Life damages caused by Defendants' acts described herein;

(N)  trebling any damages awarded to Salt Life pursuant to 15 U.S.C. § 1117;

(O)  awarding Salt Life costs, expenses, and reasonable attorneys' fees as permitted by
15 U.S.C. § 1117;

(P)  awarding Salt Life pre-judgment interest; and

(Q)  granting such other and further relief as is just and proper.

## DEMAND FOR JURY TRIAL

Salt Life demands a trial by jury on all issues so triable.

By: /s/ *James Matulis*
James M. Matulis
Florida Bar No. 0077429
Matulis IP Law
Chase Professional Park
10906 Sheldon Road
Tampa, FL 33626
Phone: (813) 451-7347
Jim@MatulisLaw.com

56

And

By: /s/ *Jason A. Pittman*
Jason A. Pittman (pro hac vice forthcoming)
Tim F. Williams (pro hac vice forthcoming)
Dority & Manning, P.A.
P. O. Box 1449
Greenville, SC 29602-1449
(864) 271-1592
(864) 233-7342 (facsimile)
jpittman@dority-manning.com
timw@dority-manning.com
***Attorneys for Plaintiff Salt Life, LLC***